UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GLYNN LETERREL WELLS,

    Plaintiff,

v.

M. RIGOTTI,

    Defendant.
_____/

Case No. 2:21-cv-199

HON. JANE M. BECKERING

## OPINION AND ORDER

Plaintiff filed this prisoner civil rights action against Resident Unit Manager (RUM) M. Rigotti pursuant to 42 U.S.C. § 1983, alleging a First Amendment retaliation claim. Defendant moved for summary judgment, and the matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that this Court grant the motion. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation (ECF No. 42), which Plaintiff supported with an affidavit (ECF No. 43). Defendant filed a response to the objections (ECF No. 45), and Plaintiff filed a reply to the response (ECF No. 46), albeit without first seeking leave from the Court for his filing. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

The Magistrate Judge determined that no genuine issue of material fact exists regarding Plaintiff's First Amendment retaliation claim (R&R, ECF No. 41 at PageID.260). Specifically,

the Magistrate Judge determined that the record indicates that Plaintiff "did not engage in protected conduct by 'warning' RUM Rigotti to be careful how he responded to Wells's grievance because Wells intended to file a grievance and lawsuit against RUM Rigotti based upon his grievance response" (*id.*). The Magistrate Judge determined that the record instead indicates that the insolence misconduct ticket that Defendant issued was based upon Plaintiff's attempt to intimidate Defendant, not any protective conduct in which Plaintiff may have engaged (*id.*). Alternatively, the Magistrate Judge determined that Defendant is entitled to qualified immunity (*id.*).

Plaintiff makes six objections to the Report and Recommendation. First, Plaintiff argues that the Magistrate Judge erred in finding that Plaintiff warned Defendant that he intended to file a grievance and lawsuit against him *before* Defendant took any action related to his review of Plaintiff's grievance (Pl. Obj., ECF No. 42 at PageID.263–264, referencing R&R, ECF No. 41 at PageID.255). According to Plaintiff, he warned Defendant *after* Defendant denied him access to his legal property and threatened Plaintiff (Pl. Obj., ECF No. 42 at PageID.264). Plaintiff's argument fails to demonstrate any error by the Magistrate Judge. As Defendant points out (ECF No. 45 at PageID.289–290), the Magistrate Judge's recitation of facts was derived from the allegations in Plaintiff's Complaint. Plaintiff's first objection is therefore properly denied.

Second, Plaintiff argues that the Magistrate Judge erred in stating that a prison official's mere involvement in the denial of administrative grievances is not actionable conduct (Pl. Obj., ECF No. 42 at PageID.264–267). Plaintiff emphasizes that he has a well-established constitutional right to access and possess legal material (Pl. Obj., ECF No. 42 at PageID.265–268). In stating that a prison official's mere involvement in the denial of administrative grievances is not actionable conduct, the Magistrate Judge relied on legal precedent that properly supports the proposition that a plaintiff must show some "active" unconstitutional behavior (R&R, ECF No. 41

at PageID.255, citing *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)).  *See also Zakora v. Chrisman*, 44 F.4th 452, 475 (6th Cir. 2022) (relying on this proposition from *Shehee*); *Griffith v. Franklin Cnty., Ky.*, 975 F.3d 554, 579 (6th Cir. 2020) (same).  Plaintiff's argument fails to demonstrate any legal error in the Magistrate Judge's analysis, and his second objection is therefore properly denied.

Third, Plaintiff argues that the Magistrate Judge erred in determining that Plaintiff's "warning" to Defendant at the time Defendant interviewed him on the grievance "cannot be considered protected conduct necessary to support a retaliation claim" (Pl. Obj., ECF No. 42 at PageID.268–270, quoting R&R, ECF No. 41 at PageID.256).  According to Plaintiff, the Magistrate Judge overlooked the fact that the words "grievance" and "lawsuit" were part of Plaintiff's "oral complaint" (Pl. Obj., ECF No. 42 at PageID.270).  Plaintiff's argument is misplaced.  As Defendant points out (ECF No. 45 at PageID.291), the Magistrate Judge did not indicate that Plaintiff's threatened grievance was not protected because it was oral rather than written.  Plaintiff's third objection is therefore properly denied.

Fourth, Plaintiff argues that in finding that Plaintiff's warning to Defendant was "insolence," the Magistrate Judge improperly weighed the evidence and did not construe the facts in Plaintiff's favor (Pl. Obj., ECF No. 42 at PageID.270–272, referencing R&R, ECF No. 41 at PageID.256).  Plaintiff's argument lacks merit.  The Magistrate Judge properly determined that Plaintiff's alleged statement was insolence and properly held that an attempt to influence the outcome of a grievance process is not protected conduct (R&R, ECF No. 41 at PageID.256).  In resolving a motion for summary judgment, a court's "ultimate inquiry is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'"  *U.S. S.E.C. v. Sierra Brokerage Servs., Inc.*, 712 F.3d

321, 327 (6th Cir. 2013) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Plaintiff's fourth objection is therefore properly denied.

Fifth, Plaintiff argues that the Magistrate Judge erred in determining that Plaintiff could not establish a causal connection between Plaintiff's "warning" and the issuance of the misconduct ticket (Pl. Obj., ECF No. 42 at PageID.273–275). The Magistrate Judge determined from Defendant's statements in his affidavit demonstrate that Defendant "would have issued the insolence misconduct ticket under those circumstances regardless of any other protected conduct by Wells" (R&R, ECF No. 41 at PageID.257–258). While Plaintiff disagrees with the Magistrate Judge's assessment of the evidence in the record, his disagreement fails to demonstrate any error by the Magistrate Judge. Plaintiff's fifth objection is therefore properly denied.

Last, Plaintiff objects to the Magistrate Judge's conclusion that Defendant is entitled to qualified immunity, arguing that he has introduced sufficient evidence that Defendant violated his clearly established constitutional rights (Pl. Obj., ECF No. 42 at PageID.276–278, referencing R&R, ECF No. 41 at PageID.258–259). Again, Plaintiff's mere disagreement fails to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion. Moreover, as the Magistrate Judge explained, his conclusion that there is no genuine issue of material fact regarding whether Defendant violated a clearly established constitutional right concomitantly supports the alternative conclusion that Defendant is entitled to qualified immunity. Plaintiff's sixth objection is therefore also properly denied.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. Additionally, a Judgment will be entered consistent with this Opinion and Order. *See* Fed. R. Civ. P. 58. Pursuant to 28 U.S.C. § 1915(a)(3), the Court declines to certify that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*,

114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007).  Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 42) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 41) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (ECF No. 36) is GRANTED.

**IT IS FURTHER ORDERED** that the Court declines to certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith.

Dated:  January 17, 2024                           /s Jane M. Beckering
                                                                            JANE M. BECKERING
                                                                            United States District Judge

5